UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| VICKI MORIN, | ) | 3:16-cv-00145-HDM-VPC |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | ORDER |
| vs. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

Before the court is the defendant United States' ("defendant") motion to dismiss (ECF No. 7). Plaintiff Vicki Morin ("plaintiff") has opposed (ECF No. 8), and defendant has replied (ECF No. 9).

Plaintiff filed her complaint in this action on March 15, 2016. The complaint asserts a claim of negligence against defendant under the Federal Tort Claims Act. Plaintiff alleges that from 1982 to 1986, she worked in a building at the end of the active runway at the Naval Air Station in Fallon, Nevada, and that during that time she was "literally bathed in jet fuel routinely

1

dumped by the Navy jet aircraft on their approach to landing." (ECF No. 1 (Compl. at 2)). In 2001, plaintiff was diagnosed with a malignant plasmacytoma of the brain, which she asserts was caused by the jet fuel. She underwent surgery to remove the tumor and no further treatment followed. (ECF No. 8 (Opp. at 2)). Although plaintiff was asymptomatic for more than a decade, in 2015 the plasmacytoma was "discovered to have returned" or "reoccurred." (ECF No. 1 (Compl. at 3 & 6); ECF No. 8 (Opp. at 5)).

In 2003, plaintiff filed suit against defendant for allegedly causing the tumor that was discovered in 2001 ("2003 Complaint"). The court granted defendant summary judgment on the grounds that plaintiff had failed to present admissible evidence that jet fuel had caused her tumor. The complaint in this action asserts that "[t]he facts and circumstances of exposure in this case are identical to those" of plaintiff's 2003 suit. (ECF No. 1 (Compl. at 2)). In fact, except for those sections discussing the reoccurrence of the tumor in 2015, the complaints are identical.

Defendant moves to dismiss the instant complaint on the grounds of res judicata. Defendant argues that the judgment in the 2003 action bars plaintiff's relitigation of the same claim in this case.

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies if there is: "'(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'" *Id.*

2

There is no question that privity exists as the parties in this case are identical to the parties in the 2003 case. And plaintiff does not contest that the grant of summary judgment to defendant in the 2003 case operated as a final judgment on the merits. The res judicata inquiry thus hinges on whether there is an identity of claims.

The Ninth Circuit applies four factors to determine whether there is an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). The last factor is the most important. *Id.*

The first three factors are easily met here. The prior judgment established that the defendant was not liable for causing the plaintiff to develop a malignant plasmacytoma of the brain when the defendant allegedly deposited jet fuel near plaintiff's place of employment between 1982 and 1986. Allowing this action to proceed would clearly impair defendant's right to be free of liability for that claim. Because the facts and circumstances of exposure in this case are identical to the 2003 case, substantially the same evidence would be presented in both actions.[1] And because

---

[1] Even were plaintiff to seek to introduce additional evidence of causation in this case, res judicata would still apply. *See Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 558 (9th Cir. 2003) ("'An action that merely alleges new facts in support of a claim that has gone to judgment in a previous litigation will be subject to claim preclusion.'");

3

this case, like the 2003 case, involves the plaintiff's claimed entitlement to damages for a malignant plasmacytoma of the brain allegedly caused by defendant's dumping of jet fuel between 1982 and 1986 at the Fallon Naval Air Station, this suit involves infringement of the same right as asserted in the 2003 case.

Turning to the fourth factor, it is undisputed that – as to the defendant's actions – this suit and the 2003 complaint arise out of the same transactional nucleus of facts. The complaint does not allege any tortious conduct by defendant that occurred after the 2003 complaint. In fact, plaintiff's complaint explicitly states that "[t]he facts and circumstances of exposure in this case are identical to those" of her 2003 suit. (ECF No. 1 (Compl. at 2)). Nonetheless, plaintiff asserts that the fourth factor is not satisfied because her injury in this case is separate and distinct from the injury she alleged in the 2003 complaint.

Courts have recognized in limited circumstances an exception to res judicata where the plaintiff's current complaint alleges a separate and distinct disease or condition from that asserted in an earlier action. *See Norfolk & W. R.R. Co.*, 538 U.S. 135, 152-52 (2003); *Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175 (Pa. 2012); *Pooshs v. Phillip Morris USA, Inc.*,[2] 250 P.3d 181 (Cal. 2011); *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 649 & n.3 (Tex. 2000). The exception has primarily been recognized in asbestos cases. Plaintiff alleges for the first time in her answering brief

---

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982).

[2] *Pooshs* actually involves the statute of limitations rather than res judicata, but many courts have applied the separate disease or condition doctrine in both contexts.

4

that the tumor discovered in 2015 is genetically, immunologically, and environmentally distinct from the tumor discovered in 2001 and is thus a separate and distinct condition. Defendant argues that in the cases plaintiff cites, it was of central importance that the diseases or conditions were completely different, and that because both of plaintiff's complaints involve the same condition – a malignant plasmacytoma of the brain – the exception does not apply.

Plaintiff raises the separate and distinct condition exception for the first time in her opposition to the motion to dismiss, citing in support of her assertion a declaration from Vera S. Byers, MD., PhD. (*See* Opp. Ex. 2). But Ms. Byers' assertions are not part of plaintiff's complaint. Instead, the complaint alleges that the tumor discovered in 2001 has "returned" or "reoccurred." This allegation cannot be squared with a conclusion that the tumors are separate and distinct as it is an allegation that the tumors are, in fact, the same. Plaintiff has therefore not alleged a separate and distinct disease or condition, and the exception does not apply.

Thus, for the reasons set forth above the court concludes, in considering the allegations in plaintiff's complaint, the claims in plaintiff's current complaint are identical to his claims in her 2003 complaint.

As there is privity, a final judgment on the merits, and an identity of claims, res judicata bars plaintiff's complaint in this case. Plaintiff's additional arguments as to why res judicata

5

should not apply are unavailing.[3] Accordingly, the defendant's motion to dismiss is (#7) is **GRANTED**, and plaintiff's complaint is hereby **DISMISSED**. The dismissal is without prejudice.

IT IS SO ORDERED.

DATED: This 15th day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Particularly, *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 504 (2d Cir. 2014) and *Storey Const. Inc. v. Hanks*, 224 P.3d 468, 477 (Idaho 2009), both cited by plaintiff, are inapposite.